IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

GLAND ELLIOTT                                                    PLAINTIFF

v.                          No. 3:13-cv-251-DPM

CHRISTOPHER ELLIS                                                DEFENDANT

ORDER

1. After this Court screened Gland Elliott's amended complaint and supplement, № 14,* Elliott filed an "Addendum Complaint" about a March 2014 arrest. № 24. The Court must screen this addendum too. 28 U.S.C. § 1915A. As supplemented, Elliott's complaint states Fourth Amendment claims for unlawful arrest on two occasions: February 2013 and March 2014. Elliott also states a claim that the March 2014 arrest was retaliation for filing this lawsuit. The remainder of Elliott's pleadings fail to state a claim and will be dismissed without prejudice.

2. Osceola police sergeant Christopher Ellis moves for summary judgment on Elliott's unlawful arrest and retaliation claims. № 42. These

---

*The Court's screening Order dismissed Elliott's claims related to "his August 2013 arrest[.]" № 14 at 1. To clarify, the formal charges were filed in August of 2013. № 13 at 2. But the alleged offense occurred in late July of that year. *Ibid.*

claims fail if Ellis had at least arguable probable cause for each arrest. *Greenman v. Jessen*, 787 F.3d 882, 891 (8th Cir. 2015); *Chevallier v. Hand*, 722 F.3d 1101, 1104 (8th Cir. 2013). He did. An eyewitness identification and Sergeant Ellis's review of surveillance video provided probable cause for the February 2013 arrest. And officers' locating a substance that field-tested positive for cocaine gave probable cause for the March 2014 arrest. Further, the Court sees no constitutional violation in the search of Elliott's home because he was on probation. ARK. CODE ANN. § 16-93-106. And to the extent Elliott contests his pre-search detention, Sergeant Ellis is entitled to qualified immunity. *Klingler v. United States*, 409 F.2d 299, 303 (8th Cir. 1969).

Elliott's conclusory responses, № 46–№ 49 & № 54–55, don't create a genuine jury issue. FED. R. CIV. P. 56(a), (c)(1) & (e); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49 (1986). Sergeant Ellis is therefore entitled to summary judgment on Elliott's wrongful-arrest and retaliation claims. Those claims will be dismissed with prejudice.

3. A final clarification. This Court's 13 June 2014 Order stated that Elliott's claims against the City of Osceola would be dismissed with prejudice. Because the dismissal is for failure to state a claim, however, the Court

concludes that Elliott's claims against the City should be dismissed without prejudice. *Cf. Larson v. Stow*, 36 F.3d 1100 (8th Cir. 1994) (*per curiam*).

\* \* \*

Motion for summary judgment, № 42, granted. Cross-motion, № 46, denied.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

20 August 2015